UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SUE LOPEZ, as Next Friend of Minor Child, B.P.L.A., | ) ) ) | |
| Plaintiff, | ) ) | 24-cv-13340 |
| v. | ) ) | Judge Matthew F. Kennelly |
| JOAN M. KUBALANZA, *et al*, | ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) | |

**DEFENDANTS BRITTANY STEVENSON AND JACLYN M. ANTONIOLLI'S
REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS**

The Defendants, Brittany Stevenson and Jaclyn M. Antoniolli, through their counsel, Progar Law Group LLC, state as follows in support of their Motion to Dismiss Kimberly Sue Lopez's Complaint:

   I.   **ADOPTION OF CO-DEFENDANTS' ARGUMENTS**

These Defendants adopt the arguments made by the Co-Defendants in their Replies in Support of the Motions to Dismiss, most notably, though not limited to, those of the State Defendants and Leving Defendants.

Notably, the Leving Defendants arguments include that (A) both the Complaint and Response do not plausibly allege that the Defendants acted "under the color of state law," and that (B) the pleadings also do not plausibly allege any cause of action. Insomuch as the arguments are made on behalf of the Leving Defendants, and to the extent Stevenson and Antoniolli are not construed as acting on behalf of the State, the same arguments apply to Stevenson and Antoniolli.

Additionally, the plaintiff has filed two Responses to the Defendants' Motions to Dismiss (Documents 100 and Documents 112). This Reply addresses the issues raised by the plaintiff in

1

the first of these Responses (Document 100) as the second document (Document 112) was filed two days prior to the deadline for Defendants' to file their Responses and on a weekend, and which is eighty-two pages long not including exhibits. Accordingly, and as already stated, these Defendants Stevenson and Antoniolli join in the other arguments made by co-defense counsels, including those made in reply to Document 112 (and presuming the Court allows Document 112 to stand).

To the extent as is necessary for the defense of this individual Defendant and as may be necessary to create a record, the specifics of the arguments are provided below.

## II. ALLEGATIONS AS TO BRITTANY STEVENSON AND JACLYN ANTONIOLLI FAIL TO MEET THE REQUIREMENTS OF RULE 12(b)

The allegations against Stevenson are that she failed to let the plaintiff know Stevenson was friends with the Guardian Ad Litem Kelly Moore, that she referred the plaintiff to an unlicensed therapist.

The allegations against Jaclyn Antoniolli are similar; that she was unlicensed when she provided care to the plaintiff and that she made derogatory comments about Ms. Lopez and advised Ms. Lopez's daughter to hang up on her mom if she felt uncomfortable.

Each of these allegations have been addressed in the respective Defendants' Motions to Dismiss. The plaintiff's Responses do little to address the allegations made against either Stevens or Antonioli other than to reiterate the allegations found in the Complaint. The reiterated allegations including that that Stevenson and Antoniolli failed to disclose their friendships to the plaintiff, and that Antoniolli was not licensed in August of 2021. These allegations fail to connect how exactly each of these actions violated any particular duty or statute or connect such to the alleged damages, or which of the plaintiff's numerous Counts are made against these defendants. Even with the information provided in the Plaintiff's Responses, the information and allegations

2

simply do not establish a claim against either Stevenson or Antoniolli, and certainly not one that the defendants can reasonably Answer. As such, they fail the requirements of Rule 12(b) and mut be dismissed.

### III. THE ARGUMENTS MADE IN THE PLAINTIFF'S RESPONSES DO NOT CURE THE FAILURES OF THE COMPLAINT

#### A. The Rooker-Feldman Doctrine Applies

The plaintiff argues that the Rooker-Feldman Doctrine does not apply as she is bringing an independent constitution violation as the various defendants were responsible for engaging in fraud against the plaintiff to bring about the entry of a judgment against her.

This exact argument was ruled on in Gilbank v. Wood Cnty. Dep't of Hum. Servs., 111 F.4th 754, 785 (7th Cir. 2024). In Gilbank, a mother who had lost custody of her child in state court proceedings alleged, amongst various allegations, that numerous officials in the state court proceedings violated her constitutional rights via various means, including committing fraud by lying to the court. Id. at 763. Upon appeal, the Seventh Circuit Appellate Court, after significant discussion of the issue, applied the Rooker-Feldman Doctrine to these claims, reasoning that the injury alleged by the plaintiff (notably, the loss of the plaintiff's parental rights) was caused by the state court order. Id. at 768. Further, the Seventh Circuit reasoned that there is no fraud exception under the Rooker-Feldman Doctrine and there if a party were able to bypass the Doctrine merely by alleging fraud at the state court level, the exception would swallow the Rule. See Id., at 785. Accordingly, the Rooker-Feldman doctrine applies to this matter.

#### B. Younger Abstention Doctrine Applies

The plaintiff argues the Younger Abstention Doctrine does not apply as (1) this case does not fall into the categories of proceedings to which Younger applies, (2) the extraordinary circumstances of this case, notably the bad-faith claims, creates an exception to the Doctrine, and

3

(3) the plaintiff is not seeking to enjoin state court proceedings and thus the Doctrine does not apply.

These arguments have all been addressed in the case Alexander v. Morgan, 353 F. Supp. 3d 622 (W.D. Ky. 2018). In Alexander, a father brought an action against various individuals resulting from a child custody and child support dispute, which included allegations of bad faith. Id. at 622-623. The court applies the Younger Abstention Doctrine, reasoning (1) a state's interest in its child custody proceedings are close enough to criminal proceedings so as to warrant the application of the Younger Abstention Doctrine (Id. at 627-628), (2) bad faith claims, including those brought under § 1983 and in child custody matters, do not apply an exception to the Younger Abstention Doctrine (Id. at 629), and (3) under the principles of federalism and comity expressed in Younger require that a criminal defendant must first exhaust his state appellate remedies before seeking relief in the District Court. Id. As was pointed out in the various Motions to Dismiss, notably the State Defendants' Motion to Dismiss, these all apply to the instant case, and as such the Younger Abstention Doctrine applies.

### C. The Domestic Relations Exception Applies

The plaintiff argues that the Domestic Relations Exception does not apply as this matter is not a child custody matter. The plaintiff's request for relief belies this statement, as Paragraph D requests that the plaintiff's child be returned to her. The domestic-relations exception to consist of "a core and a penumbra, and a core of this is an award of child custody. Schnakenburg v. Krilich, 573 F. Supp. 3d 1312, 1319 (N.D. Ill. 2021). As the plaintiff requests the return of her child, which certainly involves the matter of child custody, the Domestic Relations Exception Applies.

### D. The Eleventh Amendment Applies

Both Defendants Stevenson and Antoniolli are court-appointed therapists and, as such, are

immune from suit in this matter as provided by the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58 at 71 (1989). Plaintiff argues that the defendants have been sued in their individual capacities, that the Ex parte Young doctrine applies as an exception to the Eleventh Amendment, and that Congress abrogated immunity for Title II claims. The plaintiff's arguments fail, as she is suing the defendants based upon their actions in an official capacity in engaging in their various duties as state and state-appointed representatives. Additionally, and as pointed out by the State Defendants, the Ex parte Young doctrine does not apply as the plaintiff does not request prospective injunctive relief.

Insofar as the plaintiff's ADA claims, the plaintiff's Complaint does not provide any allegations of any disability she suffered from or any facts relating to such, only providing a conclusory statement that the defendants denied reasonable accommodations under the ADA. As such, the Eleventh Amendment should be applied in this matter and the Court should grant the defendants' Motions to Dismiss.

### E. State Defendants have Immunity

Beyond the Eleventh Amendment, the various state defendants, including Stevenson and Antoniolli as court-appointed therapists, have immunity under judicial immunity and/or quasi-judicial immunity. The plaintiff argues that the various defendants acted outside of their state capacity, and in absence of jurisdiction, as she claims they conspired to remove the plaintiff's child from her custody. Insofar as Stevenson and Antoniolli's involvement in the matter was involved, they are alleged to both be court-appointed therapists who acted in the scope of their role appointed by the Court. Certainly, they were not providing treatment due to the plaintiff independently seeking them out or in their personal and individual and non-professional capacity. As such, they are extended quasi-judicial immunity. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1239

(7th Cir. 1986). Given that the various other defendants' actions also relate to the actions in their official capacities, immunity should also be extended to them.

F. **The Statue of Limitations Applies**

The defendants, including Stevenson and Antoniolli, all point out that the statutes of limitations for the respective claims brought against them have expired. Plaintiff argues that this matter is a continuing violation. However, the continuing ill effects of an alleged violation do not serve to extend the statute of limitations under the continuing wrong theory. See Andersen v. Vill. of Glenview, 2018 WL 6192171, at *20 (N.D. Ill. Nov. 28, 2018). As such, the various statutes of limitations apply and the plaintiff's Complaint should be dismissed.

Further, the plaintiff's arguments that her complaint does not contain the necessary allegations to determine if the statute of limitations has run, in turn, only strengthens the arguments that the plaintiff's pleadings do not contain the necessary facts and allegations to state a claim under Rule 12(b). Finally, as to the plaintiff's argument that equitable tolling applies, equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum. Clay v. Kuhl, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000). This is not the situation in this case, and as such equitable tolling does not apply.

G. **The Plaintiff does not Allege Plausible Constitutional Claims**

The plaintiff does not allege valid violations of the Fourteenth Amendment, Sixth Amendment, or Eighth Amendment. The plaintiff argues that she was not provided a hearing in the removal of her daughter from her custody but instead that the Court in the custody action likely relied on an evaluation. Her Reply states she did not have a chance to contest the appointment of

the evaluator, had biased judges, that the judges treated her worse than similarly situated parents, that she was singled out for disparate treatment, that there was no reason to remove the plaintiff's daughter from her custody, that she was not provided by an attorney during her contempt proceedings, and numerous other claims, most of which are not found in the Complaint. These various arguments are simply litany of allegations regarding how the underlying custody matter was handled. Disagreeing with the way a Court handles a matter and an outcome of a case does not cause or result in a Fourteenth Amendment, Sixth Amendment, or Eighth Amendment violation.

 1. **Procedural Due Process**

A procedural-due-process violation occurs when there has been: "(i) [a] deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process. Sherwood v. Marchiori, 76 F.4th 688, 694 (7th Cir. 2023). The State Defendants pointed out in their Response that the plaintiff did not adequately state a procedural due process claim in her Complaint; the plaintiff only provides a general statement that she was denied notice to hearings and not allowed to participate or file anything without leave of the Court (Paragraph 14(b) of the Complaint, see Document 23) and alleges, in a conclusory fashion, that her Fourteenth Amendment rights were violated by conducting unlawful and biased judicial proceedings (Paragraphs 16 to 19). She does not state what hearings she was not provided notice of, specifically what she could not file in or participate in, and it is very difficult to impossible to determine just how one allegation leads to another. It is further clear from her Reply that the State Court addressing her custody matter proceeded with various actions that it was entitled to take and which the plaintiff had the opportunity to address (and appears to have taken liberal opportunity to contest at various stages), but that the plaintiff disagreed with the outcome.

Plaintiff attempts to remedy this in her Reply provide asserting that the removal of her daughter was done without her knowledge and that she did not have a chance to challenge an evaluator's appointment in court. Further, the plaintiff also claims she has made a substantive due process claim. However, the sufficiency of a complaint must rest on its contents alone. Warmoth v. Medtronic, Inc., No. CIV-21-712-SLP, 2023 WL 3938464, at *5 (W.D. Okla. June 9, 2023). As such, the plaintiff cannot rely on the Responses to provide missing elements of her Complaint, and this matter must be dismissed.

### 2. Equal Protection Claim

Plaintiff also argues in her Response that she alleges that she was treated differently and is a class of one and also insinuates disability discrimination. This is contrary to the vague reference provided in her Complaint, which states in a conclusory fashion that she received disparate treatment based on her Hispanic heritage. Again, a complaint must rest on its own contents, and the plaintiff cannot change the nature of her claim in her Reply. Id. The Complaint does not provide adequate facts upon which to base an Equal Protection Claim, and as such must be denied.

### 3. Sixth Amendment Right to Counsel Claim

Plaintiff argues in her Reply that she was entitled to counsel because she faced indirect criminal contempt as she faced jail. This argument was already addressed in the State Defendants' Response, which explains that the contempt related to "status on repayment for the purge amount of $3,500," indicating civil contempt, not criminal contempt. Accordingly, the plaintiff's claim fails as she was never entitled to counsel in the first place by her own admission as to the situation.

### 4. Eighth Amendment Excessive Fines / Cruel Punishment

The Plaintiff's Response argues several theories for how the Eighth Amendment might be implicated in this matter, including possibly through contempt, losing child support, or being

8

threatened with incarceration. The Complaint, however, is not clear as to what exactly the plaintiff is asserting was a violation of her Eighth Amendment rights – the best the defendants have been able to do is to conjecture that the plaintiff references a fine levied against her in the prior domestic relations action. The plaintiff's Response, in turn, provides further indication that the plaintiff does not actually know what her Eighth Amendment cause of action is. The defendants should not have to guess which specific statutory provisions the plaintiff says have been violated, which common law claims, if any, are being asserted, and which facts apply to which cause of action, or what claims are brought against which defendants. See Fogner v. Am. Home Mortg. Servicing, Inc., No. 1:11-CV-1073, 2012 WL 12892725, at *2 (M.D.N.C. Feb. 24, 2012) and Resh, Inc. v. Skimlite Mfg. Inc., 666 F. Supp. 3d 1054, 1060 (N.D. Cal. 2023). As the plaintiffs Complaint and even the plaintiff herself does not know how exactly a violation of the Eighth Amendment is being plead, the Defendant cannot be required to guess as to this, and the plaintiff's Complaint must be dismissed.

   5. **Plaintiff Fails to State a Valid ADA Claim**

Plaintiff's Complaint states only conclusory allegations that the plaintiff was denied reasonable accommodations under the Americans with Disabilities Act but fails to provide any additional elements necessary for such a claim. Plaintiff's Response attempts to remedy this by asserting that the plaintiff has C-PTSD and severe anxiety, has panic attacks, could not speak to object, and numerous other allegations, but as stated, a Response is not a proper place to provide pleadings. Accordingly, the plaintiff's Complaint must be dismissed.

  H. **Plaintiff Fails to State any State Law Claims**

The plaintiff's Complaint does not provide any state law claims; it only states in Paragraph 31, under the section alleging a violation of the Eighth Amendment, that the imposition of

9

excessive fines violated Article I of the Illinois Constitution and the Illinois Safe-T Act, without providing any details as to such. Plaintiff's Responses, in turn, indicate the plaintiff is making a claim under the Illinois due process and equal protection clauses, but the Responses are rife with statements such that "Illinois might even have a more explicit right to remedy", "She might be effecting asking the federal court to declare the state orders void…", and "To the extent Plaintiff might seek relief under state law…" and various other general references (see Page 38 of Document 100). Again, the plaintiff does not provide any details as to her claims, and as such her allegations fail and the Complaint must be dismissed.

## CONCLUSION

As outlined above, the plaintiff's Response does not remedy the failures in the Complaint. Quoting Leving Defendant's citation, "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). Plaintiff fails to do this. Plaintiff's Complaint is a confusing set of paragraphs which any litigant would find impossible to Answer, each defendant is forced to conjecture as to what is being plead, which defendant the pleadings are made against, and are in a formal which is impossible to draft an Answer. For these and all of the above-referenced reasons, the Complaint must be dismissed.

Respectfully submitted,
Defendants, Brittany Stevenson and
Jaclyn Antoniolli

*s/ Matthew Chinski*
One of their Attorneys

Matthew Chinski (IL ARDC No. 6305620)
PROGAR LAW GROUP LLC
200 W. Adams Street, Suite 2220
Chicago, IL 60606-5231
T: (312) 630-9630
*mlc@progarlaw.com*
Attorneys for the Defendants, Brittany Stevenson and Jaclyn Antoniolli