IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SUE LOPEZ, as | ) | |
| Next Friend of Minor Child, B.P.L.A. | ) | Honorable Matthew F. Kennelly |
| | ) | |
| *Plaintiff(s)*, | ) | Case No. 1:24-cv-13340 |
| v. | ) | |
| KUBALANZA et. al | ) | |
| *Defendant(s).* | ) | |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' REPLY (DKT. 114 & DKT. 115)

Plaintiff Kimberly S. Lopez, *pro se*, respectfully moves this Court for leave to file a short sur-reply to the Replies filed by Defendants Stevenson and Antoniolli (Dkt. 114) and the Leving Defendants (Dkt. 115), and states the following:

1. On April 7, 2025, Defendants Stevenson and Antoniolli filed their Reply to Plaintiff's anticipated opposition to their Motion to Dismiss (Dkt. 114), approximately one hour after Plaintiff submitted her opposition (Dkt. 112).

2. On the same day, the Leving Defendants also filed their Reply (Dkt. 115), incorporating arguments from other Defendants and making speculative and irrelevant assertions regarding Plaintiff's pro se status.

3. Plaintiff's deadline to respond to Defendants' Motion was April 9, 2025, as previously ordered by this Court. Defendants' efforts to foreclose further response while introducing new arguments and mischaracterizations necessitate a brief sur-reply to preserve the record.

4. Defendants' Replies misrepresent material facts and make legally and factually inaccurate assertions, including:

    - That Plaintiff "lost custody," when in fact Plaintiff remains the sole legal custodian under the only valid custody order of record.

    - That Plaintiff failed to plead ADA or constitutional claims, despite having submitted a comprehensive memorandum and 847 pages of supporting documentation, including ADA accommodation denials, Clerk obstruction, and void orders.

    - Speculative claims by the Leving Defendants that Plaintiff is not a true *pro se* litigant—an assertion that is false, unsupported, and irrelevant to any legal standard under Rule 12(b).

5. Defendants improperly attempt to join arguments from other Defendants without tailoring those arguments to their own factual circumstances, in violation of Federal Rule of Civil Procedure 12(f).

6. Defendants criticize the number of exhibits submitted, despite this Court having directed Plaintiff to submit supporting documentation. Plaintiff has not submitted her full evidentiary record, but only a threshold showing. Additional materials will be produced in discovery.

7. The proposed Sur-Reply is necessary to preserve the record, address mischaracterizations, and clarify the procedural posture. Plaintiff will not introduce new claims, only correct and clarify the record.

8. Plaintiff respectfully reserves the right to seek leave to supplement this Sur-Reply solely in response to any new arguments raised in remaining Defendants' replies due by April 8, 2025.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file a short Sur-Reply to Defendants' Replies (Dkt. 114 & Dkt. 115), and that the Court consider the Sur-Reply attached as Exhibit A in ruling on the pending Motion to Dismiss.

Date: April 8, 2025

Respectfully submitted,

/s/ Kimberly S. Lopez

Plaintiff, *Pro Se*

EXHIBIT A – PROPOSED SUR-REPLY

PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLIES (DKT. 114 & DKT. 115)

Plaintiff Kimberly S. Lopez, *pro se*, submits this Sur-Reply solely to correct material misstatements and procedural inaccuracies in Defendants' Replies (Dkt. 114 and Dkt. 115):

1. Procedural Irregularities: Plaintiff's deadline to respond was April 9, 2025. Defendants Stevenson and Antoniolli filed their Reply (Dkt. 114) within an hour of Plaintiff's memorandum (Dkt. 112) and now attempt to foreclose rebuttal. The Leving Defendants' Reply (Dkt. 115) also raises new arguments. This sequence is procedurally irregular and prejudicial.

2. Clarification of Pro Se Status: The Leving Defendants speculate—without evidence—that Plaintiff is receiving undisclosed legal assistance. Plaintiff affirms that she is a *pro se* litigant and has filed all materials personally, under her own name and in full compliance with Rule 11. Plaintiff informed the Leving firm upon terminating their representation that she is "a moderately educated woman who knows how to read" and intended to proceed independently. If required, Plaintiff is prepared to submit this communication as an exhibit. These speculative assertions are irrelevant and improperly distract from the constitutional issues before the Court. These improper speculations about legal authorship are not only irrelevant to the Court's Rule 12(b) analysis—they also border on ad hominem distraction. The Court has not raised any concern with the integrity of Plaintiff's filings.

3. Custody Mischaracterization: Defendants continue to assert that Plaintiff "lost custody"—a claim that is false. The only valid custody order of record grants Plaintiff sole legal custody. No lawful modification or reversal of that order exists. This misstatement directly impacts standing, injury, and jurisdiction.

4. Failure to Rebut Constitutional and ADA Claims: Defendants failed to address the bulk of Plaintiff's evidence, including:

    - ADA accommodation denials;
    - Clerk obstruction of appellate filings and record access;
    - Void orders lacking signatures, timestamps, or jurisdiction;
    - Audio recordings confirming judicial misconduct.

    Their failure to respond to these specific constitutional violations should be treated as waiver.

5. Evidentiary Record Mischaracterization: Plaintiff submitted exhibits in response to the Court's direction. Defendants now complain about quantity but offer no challenge to relevance or authenticity. Plaintiff clarified in Dkt. 112 that more evidence will be produced during discovery. This submission is a preliminary showing—not a full evidentiary record.

6. Improper Joinder of Arguments: Defendants Stevenson, Antoniolli, and the Leving Defendants improperly "join" arguments from unrelated defendants without applying them to their specific roles. This violates Rule 12(f) and undermines the individualized analysis required under Rule 12(b).

Plaintiff respectfully submits this Sur-Reply to correct the record, clarify the misstatements, and reinforce that the core federal claims—including ADA, access to courts, and due process violations—remain unrebutted.

Respectfully submitted,

/s/ Kimberly S. Lopez
Plaintiff, *Pro Se*
Date: April 8, 2025