UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUE LOPEZ, as Next friend of her minor child B.P.L.A., *Plaintiff(s),* <br><br> v. <br><br> JOAN M. KUBALANZA, et al., *Defendant(s).* | Honorable Matthew F. Kennelly <br><br> No. 1:24-cv-13340 |

PLAINTIFF'S SUPPLEMENTAL SUR-REPLY TO DEFENDANT DAVID FINN'S REPLY (DKT. 121)

Plaintiff Kimberly S. Lopez, *pro se*, respectfully submits this Supplemental Sur-Reply to correct the record and respond specifically to the Reply filed by Defendant David Finn (Dkt. 121), which includes material misstatements of law and fact.

1. Procedural Context: Plaintiff previously filed her Sur-Reply on April 7, 2025 (Dkt. 116), addressing the premature replies submitted by Defendants Stevenson, Antoniolli, and the Leving Defendants. At that time, Defendant David Finn had not yet filed his reply brief. Plaintiff explicitly reserved the right to file a supplemental sur-reply in response to any subsequent reply briefs raising new or mischaracterized arguments.

2. False Waiver Claim: Defendant Finn falsely asserts that Plaintiff waived any opposition to his quasi-judicial immunity and statute of limitations defenses by failing to respond. This assertion is incorrect and misleading. Plaintiff's consolidated memorandum (Dkt. 112), which serves as her operative response, expressly challenges these defenses.

3. Substantive Rebuttal on Quasi-Judicial Immunity: Plaintiff challenges Defendant Finn's claim to quasi-judicial immunity by:

    - Explicitly detailing his role in conducting an unauthorized custody evaluation under 750 ILCS 5/604.10 without Plaintiff's consent or lawful order (Dkt. 112, pp. 19–20).

    - Alleging that Finn failed to report a physical altercation and potential judicial bribery involving Defendant Latif—evidence that goes to his impartiality, credibility, and conduct under color of state law.

    - Arguing in Section II of her brief that quasi-judicial immunity does not apply where court-appointed professionals act beyond the scope of their authority, commit fraud, or participate in constitutional violations.

4. Substantive Rebuttal on Statute of Limitations: In Section III of Dkt. 112, Plaintiff asserts the continuing violation doctrine, equitable tolling, and fraudulent concealment, all of which apply to Defendant Finn's conduct:

    - Defendant Finn's involvement in unconstitutional acts continued into 2023 and 2024.

    - Plaintiff's discovery of material facts was obstructed due to procedural irregularities and concealment.

- - The claims are timely under binding Seventh Circuit law, and factual questions about tolling and continuing harm are inappropriate for resolution at the Rule 12(b)(6) stage.

5. Legal Standard: Under federal notice pleading standards and *Haines v. Kerner*, 404 U.S. 519 (1972), *pro se* litigants are held to a less stringent standard. Defendant Finn's assertion that Plaintiff "waived" these arguments by not using his preferred phrasing misrepresents the legal framework and ignores the actual content of Plaintiff's memorandum.

6. Mischaracterization and Procedural Impropriety: Defendant Finn's Reply conflates silence with waiver and ignores clearly articulated legal and factual arguments applicable to his conduct. As a matter of law, waiver is not triggered where the claim is addressed in substance, even if not labeled under identical headings. His reply misstates Plaintiff's filing history and seeks dismissal through distortion rather than engagement with the record.

7. Plaintiff respectfully reserves the right to seek leave to file additional supplemental sur-replies should further Defendants raise new arguments, misrepresentations, or defenses not previously addressed. Plaintiff also notes that any remaining rebuttals to late or forthcoming replies may be consolidated in the interest of judicial economy, procedural efficiency, and clarity of the record.

WHEREFORE, Plaintiff respectfully requests that the Court reject Defendant Finn's arguments regarding waiver, find that Plaintiff has properly rebutted the quasi-judicial immunity and statute of limitations defenses raised in Dkt. 121, and consider this Supplemental Sur-Reply as part of the record in adjudicating the pending motions to dismiss.

Date: April 8, 2025

Respectfully submitted,

/s/ Kimberly S. Lopez
Kimberly S. Lopez, *Pro Se*
16036 84th Place
Tinley Park, Illinois 60487
(708) 983-3934
kslopez777@gmail.com